**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-1749**

_____

EDWARD LAWTON SPIVEY,

    Plaintiff - Appellant,

  v.

MOHAWK ESV, INC.,

    Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Elizabeth Kay Dillon, District Judge.  (7:19-cv-00670-EKD-RSB)

_____

Submitted:  March 31, 2023            Decided:  June 9, 2023

_____

Before GREGORY, Chief Judge, and AGEE and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Thomas E. Strelka, L. Leigh R. Strelka, N. Winston West, IV, Brittany M. Haddox, Monica L. Mroz, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant.  Crystal L. Tyler, JACKSON LEWIS, PC, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edward Lawton Spivey appeals from the district court's order granting summary judgment to his former employer, Mohawk ESV, Inc. ("Mohawk"), on Spivey's claim of age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 to 634.  For the reasons that follow, we affirm.

"We review a district court's grant of summary judgment de novo."  *Battle v. Ledford*, 912 F.3d 708, 712 (4th Cir. 2019).  Summary judgment is appropriate when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "A dispute is 'genuine' for these purposes so long as a reasonable jury could resolve it in [the nonmovant's] favor."  *Dean v. Jones*, 984 F.3d 295, 302 (4th Cir. 2021).  In determining whether a genuine issue of material fact exists, we "view[] the facts and draw[] all reasonable inferences in the light most favorable to the nonmovant."  *Salley v. Myers*, 971 F.3d 308, 312 (4th Cir. 2020), *abrogated on other grounds by Thompson v. Clark*, 142 S. Ct. 1332 (2022).  However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence."  *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted).

"The ADEA prohibits employers from refusing to hire, discharging, or otherwise discriminating against any person who is at least 40 years of age 'because of' the person's age."  *EEOC v. Baltimore Cnty.*, 747 F.3d 267, 272 (4th Cir. 2014) (quoting 29 U.S.C. §§ 623(a)(1), 631(a)).  To demonstrate a claim under the ADEA, a plaintiff must either

2

provide direct evidence of discrimination or demonstrate a prima facie case of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *see also Mereish v. Walker*, 359 F.3d 330, 334 (4th Cir. 2004) (applying *McDonnell Douglas* framework to ADEA claims), *abrogated in part on other grounds by Gross v. FBL Fin. Servs.*, 557 U.S. 167, 177-80 (2009). To establish a prima facie case of age discrimination under *McDonnell Douglas*, a plaintiff must demonstrate that:

> (1) he is a member of a protected class, (2) he suffered an adverse employment action (such as discharge), (3) he was performing his job duties at a level that met the employer's legitimate expectations at the time of the adverse employment action, and (4) his position remained open or was filled by a similarly qualified applicant outside the protected class.

*Baqir v. Principi*, 434 F.3d 733, 742 (4th Cir. 2006).

If the plaintiff makes a prima facie showing, then the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employment action. *Dugan v. Albemarle Cnty. Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002). If the employer comes forward with such a reason, "the burden reverts to the plaintiff to establish that the employer's non-discriminatory rationale is a pretext for intentional discrimination." *Heiko v. Colombo Sav. Bank*, 434 F.3d 249, 258 (4th Cir. 2006). To do so, the plaintiff must "show that the employer's proffered explanation is unworthy of credence, thus supporting an inference of discrimination, or offer other forms of circumstantial evidence sufficiently probative of intentional discrimination." *Dugan*, 293 F.3d at 721.

We conclude that the district court did not err in finding that Spivey failed to establish a prima facie case of age discrimination under *McDonnell Douglas*. The evidence showed that Spivey was not meeting Mohawk's expectation that he maintain a safe

working environment at the company's Hillsville, Virginia, manufacturing plant. Maintaining a safe workplace was one of Spivey's job duties, as evidenced by his job description, the fact that the plant's safety record was included in his annual performance reviews, and his own admissions. Furthermore, although Spivey's supervisors counseled Spivey about his duty to ensure safety in his performance reviews, the number of safety incidents at the Hillsville plant increased dramatically under Spivey's tenure. In the face of this evidence, Spivey failed to establish that he was meeting Mohawk's legitimate expectations.

The district court also properly held that, in any event, Spivey failed to rebut the legitimate, nondiscriminatory reasons Mohawk offered in support of its decision to terminate his employment. Specifically, Spivey quibbles with minor, immaterial inconsistencies among Mohawk representatives' accounts of the termination and complains that the reasons for the termination of his employment were unsupported by documentation, but he offers nothing other than speculation to suggest that Mohawk's expectations regarding safety were a pretext for discrimination.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*